UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00458-MOC

| AUSTIN DEVON PETTIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU JONES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

I.  BACKGROUND

Pro se Plaintiff Austin Devon Pettis ("Plaintiff") is currently detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 25, 2023, against Defendants FNU Jones, Jail Sergeant; D. Peterson, Tactical Response Unit (TRU) Team Officer; FNU Smith, Deputy Sheriff; FNU Simpson, TRU Team Officer; and Gary McFadden, Sheriff, in their individual and official capacities.[1] [Doc. 1].

Plaintiff alleges as follows. On September 20, 2022, at approximately 2:30 p.m. at the Jail, Plaintiff was attacked by Defendant Jones while Plaintiff's hands were handcuffed behind his back. Defendants Peterson, Simpson, and Smith were present "and did not provide [Plaintiff] safety and security while [Defendant] Jones punched [Plaintiff] continuously in the face and

---

[1] Plaintiff wrote his Complaint in pencil, and it is very difficult to read. [See Doc. 1]. Plaintiff is admonished to submit any further pleadings and documents to the Court in pen whenever possible.

body." [Id. at 6]. "Officer Mr. Smith" photographed Plaintiff's injuries at 3:00 p.m.[2] [Id.]. Defendant McFadden "condoned through policy, both formal and informal, the assault and battery of plaintiff as well as the conflict of interest by conducting use of force investigation, while being involved with the incident of use of force in his supervisor capacity." [Id. at 5].

Plaintiff claims violation of his rights under the Eighth and Fourteenth Amendments for Defendants' "failure to protect" and "use of force." [Id. at 4]. Plaintiff claims he suffered physical injuries, and he seeks monetary relief, including punitive damages. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

[2] In addition to the named Defendants, Plaintiff also listed "Mr. D. Smith" as a Defendant on the single summons he submitted with his Complaint. [See Doc. 1-1]. Plaintiff, however, did not name this individual as a Defendant in this action and his allegations do not support a claim against him. The Court, therefore, will not address him further.

### III.     DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

#### A.     Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Here, Plaintiff sues all Defendants in their official capacities. The official capacity claims against Defendants Jones, Peterson, Smith, and Simpson, however, are duplicative of the official capacity claim against Defendant McFadden. As such, the Court will dismiss the official capacity claims against Defendants Jones, Peterson, Smith, and Simpson. As for the official capacity claim against Defendant McFadden, Plaintiff alleges that he "condoned" the assault on Plaintiff through

"formal and informal policy." Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his official capacity claim against Defendant McFadden based on a policy condoning violence against detainees is not clearly frivolous and survives initial review.

B. **Excessive Force**

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's Fourteenth Amendment excessive force claim against Defendant Jones survives initial review as not clearly frivolous.

C. **Failure to Protect**

"A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution." McFadden v. Butler, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013)). "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted). "Thus, the standards for a Fourteenth Amendment failure-to-protect claim are the same as those for a comparable claim

brought by a convicted prisoner under the Eighth Amendment." Id. (citations omitted). To show deliberate indifference under the Eighth Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be, objectively, sufficiently serious." Id. at 235-36 (citation and internal quotation marks omitted); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003))).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's claims against Defendants Peterson, Smith, and Simpson based on the failure to protect him from harm survive initial review as not clearly frivolous.

### D. Individual Capacity Claim Against Defendant McFadden

Plaintiff also sues Defendant McFadden in his individual capacity. The doctrine of respondeat superior, however, does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). In the context of a failure to protect claim, a plaintiff must prove not only that "prisoners face a pervasive and unreasonable risk of harm from some specific source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Nichols v. Maryland Correctional Institution—Jessup,

5

186 F.Supp.2d 575, 583 (D. Md. Feb. 1, 2002) (citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (internal citation omitted)).

Here, Plaintiff alleges that Defendant McFadden's employees violated Plaintiff's rights, not any personal participation by Defendant McFadden, other than a vague claim about the conduct of a use of force investigation "while being involved in the incident." This allegation is too vague to state a claim for relief and does not implicate a constitutional right in any event. As such, Plaintiff, therefore, has failed to state a claim against Defendant McFadden in his individual capacity and this claim will be dismissed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's individual capacity excessive force claim against Defendant Jones; individual capacity failure to protect claims against Defendants Peterson, Smith, and Simpson; and official capacity claim against Defendant McFadden survive initial review as not clearly frivolous. Plaintiff's remaining claims will be dismissed for Plaintiff's failure to state a claim for relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment excessive force claim against Defendant Jones and Fourteenth Amendment failure to protect claims against Defendants Peterson, Smith, and Simpson in their individual capacities only and Plaintiff's official capacity claim against Defendant McFadden survive initial review in accordance with this Order. Plaintiff's remaining claims are **DISMISSED**.

The Clerk is instructed to mail five (5) blank summonses to Plaintiff to fill out and separately identify each Defendant, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on the

Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon all Defendants.

**IT IS SO ORDERED**.

Signed: November 20, 2023

Max O. Cogburn Jr
United States District Judge